

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2008

# Kulp v. Veruete

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4790

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Kulp v. Veruete" (2008). *2008 Decisions*. Paper 1517.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1517

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4790

TIMOTHY D. KULP, Individually and as Administrator
of the Estate of Timothy M. Kulp, Deceased; CAROL L. KULP,
Appellants,

v.

SONIA VERUETE, Individually and as Lieutenant at Centre County Prison;
SHANNON QUICK, Individually and as counselor employed by Centre
County Can Help and agent of Centre County prison and/or Centre County;
LIEUTENANT SMITH, Individually and as Lieutenant at Centre County
Prison; TIMOTHY GALLU; Individually and as Counselor at Centre
County Prison; DAVID C. KNEPP, C.O., Individually and as Correctional
Officer at Centre County Prison; C.O. MCCLELLAN, Individually and as
Correctional Officer at Centre County Prison; C.O. ANDREWS, Individually
and as Correctional Officer at Centre County Prison; C.O. SHEARER,
Individually and as Correctional Officer at Centre County Prison;
C.O. GATES, Individually and as Correctional Officer at Centre County
Prison; C.O. STEFANKO, Individually and as Correctional Officer at
Centre County Prison; JOHN DOES, NO. 1-10

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 03-cv-01474)
District Judge:  The Honorable Malcolm Muir

Submitted Under Third Circuit LAR 34.1(a)
January 14, 2008

Before: BARRY, CHAGARES and ROTH, <u>Circuit Judges</u>

(Opinion Filed: February 27, 2008)

OPINION

BARRY, Circuit Judge

This suit arises from the jailhouse suicide of Timothy M. Kulp ("Kulp") at the Centre County Prison in Bellefonte, Pennsylvania on August 27, 2001. Kulp's parents, appellants Timothy D. Kulp[1] and Carol L. Kulp, filed suit against various prison officials pursuant to 42 U.S.C. § 1983 and state law and now appeal the November 1, 2006 order of the United States District Court for the Middle District of Pennsylvania granting summary judgment in favor of defendants[2] on all claims. We will affirm.

**I.**

Because we write only for the parties, familiarity with the facts is presumed, and we set forth only those facts that are relevant to our analysis.[3]

---

[1] Timothy D. Kulp appeals individually and as administrator of the Estate of Timothy M. Kulp.

[2] Appellants conceded in the District Court that their claims against Officer Wilmer Andrews, Officer Eric Gates, Officer Terry McClellan, Officer Michael Shearer, and Officer Scott Stefanko should be dismissed and thus only appeal the District Court's dismissal of defendants Timothy Gallu, Officer David Knepp, Lieutenant James Smith, Shannon Quick, and Lieutenant Sonia Veruete.

[3] This case is the subject of a previous not precedential opinion. *Kulp v. Veruette*, 167 Fed. Appx. 911 (3d Cir. 2006). There, we reversed the order of the District Court granting defendants' motions to dismiss and remanded for further proceedings.

On August 25, 2001, Kulp, an 18 year-old freshman at Pennsylvania State University, attended two parties at off-campus fraternity houses, where he smoked marijuana and consumed alcoholic beverages. While walking back to campus in the early morning hours, he decided to enter a women's residence hall for the purpose of finding female companionship. Once inside, he entered at least three unlocked rooms, crawled into bed with the sleeping female occupants, and groped them.

Campus police interviewed Kulp later that day and arrested him after he admitted entering the rooms without consent and molesting the women. He was immediately arraigned on felony charges of burglary, attempted burglary, trespass, indecent assault, and harassment, and then transported to the Centre County Prison. He arrived at the prison at 2:24 a.m. on August 26, 2001 and committed suicide in his cell at approximately 11:00 p.m. the next evening.

The complaint alleges that defendants knew of and disregarded facts indicating that Kulp was particularly vulnerable to suicide and that their conduct amounted to deliberate indifference to a serious medical need in violation of Kulp's right to life, liberty, and property as guaranteed by the Fourteenth Amendment of the United States Constitution. The District Court granted summary judgment in favor of defendants, concluding that "[t]here is no evidence from which a jury could reasonably conclude that [defendants] were deliberately indifferent to Kulp's medical or mental condition or a particular vulnerability of Kulp to commit suicide." (App. at 42.) This timely appeal

followed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. We have jurisdiction over the appeal from the final judgment of the District Court pursuant to 28 U.S.C. § 1291.

We exercise plenary review of a district court's decision to grant summary judgment. *Reese Bros., Inc. v. United States*, 447 F.3d 229, 232 (3d Cir. 2006). "We apply the standard set forth in Federal Rule of Civil Procedure 56(c) and therefore may affirm the district court's order if, when viewing the evidence in the light most favorable to the non-moving party, there is 'no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)).

## III.

We have previously held that plaintiffs in prison suicide cases bear the burden of establishing three elements: "(1) the detainee had a 'particular vulnerability to suicide,' (2) the custodial officer or officers knew or should have known of that vulnerability, and (3) those officers 'acted with reckless indifference' to the detainee's particular vulnerability." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (quoting *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 669 (3d Cir. 1988)). Meeting this burden is not an easy task.

While the term "reckless indifference" is not susceptible to precise definition, it is

clear that mere negligence on the part of prison officials is insufficient to establish a claim pursuant to § 1983. We have held that plaintiffs must show that suicide was a "strong likelihood, rather than a mere possibility." *Id.* at 1024. Moreover, "the risk of self-inflicted injury must be not only great, but also sufficiently apparent that a lay custodian's failure to appreciate it evidences an absence of any concern for the welfare of his or her charges." *Id.* at 1025 (quoting *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)).

The District Court's well-reasoned, thirty-six page opinion amply illustrates why appellants have failed to meet their burden in this case. For example, defendants recognized that Kulp had emotional issues and placed him in administrative segregation where they believed it would be easier to monitor his behavior. They arranged for Kulp to meet with Shannon Quick, a counselor trained in performing suicide risk assessment, within five hours of his arrival at the prison. After speaking with Kulp for three-and-a-half hours, Quick reported to prison officials that although she believed that Kulp was having "passive suicidal thoughts,"[4] she did not think it was necessary to place him on suicide watch. Defendants also arranged for Kulp to meet with Timothy Gallu, the prison counselor. Although Gallu was not a trained suicide counselor, he concurred with Quick's conclusion that it was not necessary to place Kulp on suicide watch.

---

[4] Quick testified that by "passive suicidal thoughts," she meant that Kulp was feeling extremely hopeless and that things could not get worse. (App. at 413.) In her opinion, Kulp had not moved "to the next stage of having an active thought of suicide." (Id.)

Viewing all of the record evidence in the light most favorable to appellants, we agree with the District Court that no jury could reasonably find that defendants knew or should have known that Kulp had a particular vulnerability to commit suicide or that defendants acted with reckless indifference to his mental condition.

**IV.**

The District Court applied the proper legal standard and adeptly explained why appellants' claim fails as a matter of law. We will affirm for substantially the reasons set forth in the Opinion of the District Court.